# Agnew v. Albert Lewis Lumber & Manufacturing Company, Appellant.

*Land law—Boundaries—Surveys—Conflicting evidence—Question for jury—Trespass—Damages.*

In an action of trespass for cutting timber where the dispute relates to the boundaries of land, and the oral testimony of surveyors called by both sides is conflicting and uncertain, and the case depends upon such testimony, the court commits no error in submitting the case to the jury.

Argued April 17, 1907.   Appeal, No. 342, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., May T., 1903, No. 353, on verdict for plaintiff in case of Harper W. Agnew v. Albert Lewis Lumber & Manufacturing Company.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for cutting timber.   Before TERRY, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,500.   Defendant appealed.

*Error assigned* was in overruling motion for judgment for defendant non obstante veredicto.

*George R. Bedford* and *Andrew H. McClintock*, with them *John T. Lenahan*, for appellant.

*Q. A. Gates*, with him *James L. Lenahan*, for appellee.

OPINION BY MR. JUSTICE POTTER, June 4, 1907 :

This was an action of trespass to recover treble damages under the provisions of the Act of March 29, 1824, P. L. 152, for the cutting and conversion of timber by defendant upon land alleged by plaintiff to belong to him.   The cutting and conversion of the timber was admitted, but defendant claimed that the land upon which it grew was its property, and not the property of plaintiff.   The question tried, therefore, was whether this land, between twenty-three and twenty-four acres in extent, belonged to plaintiff or not.

The evidence showed that on February 26, 1793, warrants were issued by the commonwealth to Isaac Bump and eighteen others for as many adjoining tracts of land in Luzerne county, of 400 acres each, and that in 1795 these were surveyed as a block.   One of these warrants was issued to George Bump, and the eastern half of George Bump's tract at the time of the alleged trespass had become vested in plaintiff.   The land immediately adjoining this tract upon the north, which was also included in the original block surveyed, was owned at that time by defendant.   The question in dispute was the location of the George Bump tract, plaintiff contending that it ran forty-eight and eight-tenths perches further north than was admitted by defendant.

In support of his contention plaintiff called three surveyors, Henry Colt who made a survey of the George Bump tract in 1857 ; S. J. Pealer who surveyed it in 1893 and 1895 and again in 1902, 1903, 1904 and 1905, and James Crockett who assisted Pealer in the survey in 1902.   These surveyors, begin-

ning with marks on the ground at the south line of the tract, located the north line in accordance with plaintiff's contention.

Defendant called as witnesses several surveyors who, starting from marks in the northwest lines of the original block survey, located the southern boundary of the tract of defendant, and adjacent tracts, at a distance of forty-eight and eight-tenths perches south of the line claimed by plaintiff to be his northern boundary. The earliest of these surveys was in 1871. There was much uncertainty as to the marks testified to on both sides, because a survey of land adjoining this block had been made in 1793, and it was sometimes difficult to distinguish between the work done at these respective dates.

Plaintiff also claimed title to the land in dispute by adverse possession, but the court below held that there was not sufficient evidence to support this claim, and so instructed the jury.

The court declined to give binding instructions for either plaintiff or defendant, and submitted the question of the correct location of the boundary line in dispute to the jury, who found for plaintiff. Defendant moved for judgment in its favor non obstante veredicto, but the court overruled the motion and directed judgment to be entered on the verdict. From this judgment defendant appealed.

The only question raised by the assignments of error and argued in behalf of appellant, is whether the court erred in refusing to enter judgment non obstante veredicto. A careful examination of the evidence has satisfied us that the trial judge pursued the only proper course. The evidence of neither party was conclusive, but there was sufficient to support a verdict for the plaintiff. The testimony of the surveyors as to the true location of the boundary line between the lands of plaintiff and defendant is conflicting, and the position of the line could not be settled except by the verdict of a jury. The disputed question was not one of law for the court, but one of fact, which the jury only could determine. To take it from the jury would be for the court to assume the decision of an issue of fact, where the evidence was conflicting, and where both sides rested their claims upon oral testimony.

As the trial judge says in his opinion, " it was claimed by the defendant that the location of the George Bump tract

must be ascertained by the rules applicable to a block survey, and evidence was introduced by the defendant for the purpose of showing such location according to that system. It having been made to appear that said tract was one of a block of surveys, the jury was instructed concerning the method of location by such rules. It was, however, claimed by the plaintiff, that the George Bump tract could be located by the individual system; and he offered evidence tending to show original marks in the lines, or one line, thereof, peculiar to that tract. Accordingly, instruction as to the rules governing in such case was given the jury. Thus both theories were presented in the charge of the court." As Justice GORDON said in Jackson v. Lambert, 121 Pa. 182, " The question regards location, which is always one of fact, hence, one about which a surveyor who is properly instructed concerning the facts may always give his opinion." It was held in Brown v. Willey, 42 Pa. 205, that where a line or boundary is disputed, it is always a question of fact for a jury.

In Wilson v. Marvin, 172 Pa. 30, in which the boundary of a warrant was disputed, and the plaintiff fixed the boundary by measurement from a well-established corner of a neighboring warrant, while defendant located it by marks on the ground, and by the north line of another warrant adjoining on the south, the court below did what appellant contends it should have done here, disposed of that feature of the case as matter of law. In reversing the judgment, Justice WILLIAMS, speaking for this court, said (p. 38) : " It may be that the learned judge reached a correct conclusion upon the question of fact, and one that would have been reached by the jury if the question had been submitted to them. On the other hand, the jury may have found in accordance with the contention of the defendants. There was evidence bearing upon the question which it was their province to weigh, and the conclusion from which it was their appropriate function to draw, and the evidence should have gone to them. This case was otherwise well tried, but the learned judge erred in giving a binding instruction to the jury to find in favor of the plaintiffs as to that part of the tract involved in the controversy over the location of the south line."

In the present case, both parties rely upon oral testimony

to establish the various marks upon the ground, and the details of the various surveys made, and the courses which were run by the different surveyors. Both sides depend also upon the correctness of the calculations and measurements of the surveyors. Under these circumstances it would have been manifest error to have taken the case from the jury. The case was tried with great care and precision, and the judgment is affirmed.